Dear Sheriff Litchfield:
You requested an Attorney General's opinion regarding the reimbursement of sheriff's costs. You indicate that La. R.S. 15:304 provides for payment of all expenses incurred "by the arrest, [confinement and prosecution]" of persons accused of crimes. Further, La. R.S. 33:1432(3) provides the sheriff shall be reimbursed for the actual expense incurred in "recovering and conveying" fugitives to jail (plus mileage if the fugitive is charges with a felony). Finally, La. C.Cr.P. Art 887 provides for defendant reimbursement of costs expended "in the execution of a bench warrant or a fugitive warrant".
You question what expenses are reimbursable under these provisions, and whether the scope of reimbursable activities under R.S. 15:304 and R.S.33:1432(3) is broader than that of C.Cr.P. Art. 887. You also ask whether the types of reimbursable expenses include salary expense of man-hours expended in investigation and location of the person, apprehension and transportation to parish prison, administrative processing of the warrant and/or mileage.
The statutes and article you cited provide in relevant part as follows:
 La. C.Cr.P. Art 887(H)
 H. In addition to the costs provided in Paragraphs A, C, D, E, F, and G, a person convicted of a felony, a misdemeanor, or ordinance of any local government may be assessed additional reasonable costs to cover the costs expended by the sheriff, marshal, constable, or municipal police in the execution of a bench warrant, or a fugitive warrant, or both. An itemized statement of expenses shall be prepared and submitted for review and assessment by the court at the time of sentencing. Such costs shall be paid to the sheriff, marshal, constable, or municipal police as reimbursement of expenses incurred in the execution of such warrant. *Page 2 
 La. R.S. 33:1432
 The compensation, fees, and costs allowed sheriffs, the parish of Orleans excepted, for all services in criminal matters, shall be the following:
 * * * * * (3) . . . and a mileage rate equal to the mileage rate established by the Division of Administration for the use of state owned vehicles for each mile actually traveled in recovering and conveying each fugitive from justice to the jail of the parish in which he is charged with having committed the offense, plus all actual expenses incurred in recovering and conveying the fugitive to the jail, provided the fugitive is charged with the commission of an offense which might be punishable with imprisonment in the state penitentiary. Where the fugitive is charged with a misdemeanor, the sheriff shall be reimbursed the actual expense incurred by him in recovering and conveying the fugitive to the parish jail. An explicit bill for each item of such expenses, with receipts therefor, if receipts can be obtained, including the fees and charges for making the arrest, must be made out. This bill shall be paid by the parish upon the approval of the district judge or police jury. . .
 La. R.S. 15:304
 All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses specifically provided for by law, jurors and all prosecutorial expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. The expenses shall be paid by the parish treasurer or by the city of New Orleans after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court. The fees, salaries, and expenses to be paid shall be fixed and regulated by the parish or city authority unless otherwise provided by law. . .
While these provisions provide for the payment of costs and expenses, they do not specify or define what those costs and expenses are. Whether any particular cost or expense is reimbursable under R.S. 15:304, R.S.33:1432(3) or C.Cr.P. Art. 887 is a factual question which we are not in a position to determine. However, we note that the language contained in R.S. 15:304, R.S. 33:1432(3) and C.Cr.P. Art. 887 is fairly broad, *Page 3 
and the expenses you asked about may be reimbursable under one or more of these provisions.
R.S. 15:304 appears to be broader than R.S. 33:1432(3) and C.Cr.P. Art. 887, as that statute applies to "All expenses incurred . . . by the arrest, confinement and prosecution" of persons accused of crimes. R.S.33:1432(3) and C.Cr.P. Art. 887(H) only apply to expenses related to recovering and conveying fugitives to jail or executing bench warrants and fugitive warrants.
Trusting this adequately responds to your request, we remain
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:__________________________ RICHARD L. MCGIMSEY Assistant Attorney General
 JDC/RLM/crt